# REPORTS.

## CHESHIRE,

### JULY TERM, A. D. 1859.

### COMBS *v.* WINCHESTER.

39   13
†70   273
70   274

A witness, who had not been asked whether a bolt in a carriage had a nut upon it, which would have been a question material to the issue, was asked, on cross-examination, if he had not said he knew the bolt had no nut on it, with a view to contradict him if he denied it.—*Held,* that the question was immaterial and irrelevant, and therefore inadmissible.

The rule is, that any question, which could not be proposed by the party calling the witness, because of its immateriality, is inadmissible when proposed by the other party; and if answered, the answer cannot be contradicted.

But this rule does not apply to questions respecting the state of feeling of the witness towards the party.

CASE, for an injury sustained by the plaintiff, by reason of an alleged defect in a highway.

In defence, it was contended that the plaintiff did not use ordinary care, in this, that a nut was off from his carriage, and this occasioned the accident, and that the plaintiff knew that the nut was off before the accident.

The plaintiff called a witness, who was at work for him at the time of the accident, and who testified to seeing the horse running away, and that he helped carry the plaintiff into a house after he was injured, and described

the place of the accident; but he was not inquired of by the plaintiff whether he had any knowledge about the nut being off, nor did he state any thing on that subject.

On cross-examination he was asked by the defendants' counsel if he had not said that he knew the bolt had no nut on it, and that the plaintiff would get his neck broke, and answered in the negative. The defendant then offered to prove that the witness had so stated; to which the plaintiff objected, that it was not a fact material, whether he had said so or not; and the court sustained the plaintiff's objection, and excluded the evidence offered.

*E. L. Cushing,* for the defendant.

We suppose it is well enough settled, that if what the witness had said is to be treated as collateral matter, the evidence was properly excluded. If it had any relation to the subject matter of the inquiry; if it had any legitimate tendency to affect the testimony in regard to the matter in issue, then the evidence offered should have been admitted.

In *Ware* v. *Ware,* 8 Greenl. 42, the witness was asked, on cross-examination, whether he had not stated that " the testator had his senses," and whether he had not said " the will would not be broke." Although no inquiry had been made in the direct examination as to his opinions, it was held that the questions were relevant.

So in *Martin* v. *Farnham,* 25 N. H. 195, the statements of the witness were held to be material, in the same way.

In the case under consideration, the matter in regard to the nut was material, and it was the duty of the witness to state all he knew—the whole truth. The fact that the witness had been heard to say that he knew the nut was off, would have some tendency to prove that he did know it, and that he suppressed material matter. In this point of view it was relevant.

Combs *v.* Winchester.

*Wheeler & Faulkner,* for the plaintiff.

The issue made by the defendant was, that the accident was occasioned by the absence of the nut from a bolt of the plaintiff's carriage, and that the plaintiff knew it.

The evidence offered by the defendant, and rejected by the court, was that the witness had said that the nut was off.

If the witness' statement had been material, the evidence offered and rejected would have been competent, without first putting the question to him. But the fact that he had stated, as alleged, was immaterial, collateral, and irrelevant to the issue; and his answer to the inquiry was conclusive, and could not be contradicted. 1 Greenl. Ev., sec. 449; 1 Starkie Ev. 190; 1 Phillipps' Ev. 258; *Commonwealth* v. *Buzzell,* 16 Pick. 153; *Elton* v. *Larkins,* 5 C. & P. 385; *Harrington* v. *Lincoln,* 2 Gray 133; *Commonwealth* v. *Hunt,* 4 Gray 421; *Harris* v. *Wilson,* 7 Wend. 57; *State* v. *Patterson,* 2 Iredell 346; *Smith* v. *Henry,* 2 Bailey 118; *Ware* v. *Ware,* 8 Greenl. 42; *Goodhand* v. *Benton,* 6 Gill & Johns. 481; *Hughes* v. *Rogers,* 8 M. & W. 123; *Spencely* v. *De Willott,* 7 East 108; *Harris* v. *Tippett,* 2 Camp. 627; *Rix* v. *Watson,* 2 Stark. 116; *Lawrence* v. *Barber,* 5 Wend. 301; *Crowley* v. *Page,* 7 C. & P. 789; *Meagoe* v. *Simons,* 3 C. & P. 75; *Attorney-General* v. *Hitchcock,* 1 Exch. 91; *Howard* v. *City Fire Ins. Co.,* 4 Denio 502.

The rule, permitting inquiry, on cross-examination of the witness, as to his relations to either of the parties, and contradiction of his answer to such inquiry, is not in conflict with the above rule. The relations of the witness to the party for or against whom he testifies, his motives and temper, are always material and relevant. 1 Gr. Ev., sec. 450; 1 Stark. Ev. 190; *Thomas* v. *Dana,* 7 C. & P. 350.

BELL, J. Of the two cases cited for the defendant, the last, *Martin* v. *Farnham,* 25 N. H. 195, has no material

bearing upon the question raised in this case. It was there held, that evidence, showing that a witness had made statements substantially different from those he now makes, and inconsistent with them in regard to material matters, is admissible to affect his credit; and that statements, made by a witness relative to his state of feeling towards a party, are regarded as material, and may be contradicted.

In the present case the question had no relation to any supposed bias or prejudice of the witness, or any friendship or hostility to either of the parties. The question here is, whether the testimony of the witness, *that he had not said* that he knew the bolt had no nut on it, was material and relevant to the issue, or was a matter merely collateral. The fact that there was no nut upon the bolt was relevant and material. If the witness had stated, as a fact he knew, that there was no nut upon the bolt, it would have been competent to impeach him, by showing that he had said elsewhere that there was a nut on the bolt, or that he did not know whether there was or not. Such a statement might be proved by cross-examination of the witness, or by the testimony of others.

It may always, we think, be determined whether evidence in contradiction of a witness is admissible, by considering whether the question, the answer to which is proposed to be contradicted, would be admissible if proposed by the party calling him. Such a party has, of course, the right to propose to his own witness any question which is relevant and material to the issue, and all evidence which is so relevant and material may be impeached by showing that the witness has at another time given a substantially different and contradictory account of the same transaction. But if the question is admissible only on cross-examination, it is merely collateral, and cannot be contradicted.

If the witness is asked to state what he has heretofore

Combs *v.* Winchester.

said upon any subject of inquiry, it would be open to objection, as immaterial and irrelevant, and might be properly rejected. The proper question is, What do you now state under oath ? What any person has stated at some other time, when not under oath, is not competent to be received as evidence, whether it is sworn to by a third person or by himself. In either form it is in effect but hearsay.

On a cross-examination, for the purpose of testing the memory or the honesty of the witness, questions may be asked relative to matters collateral to the issue, and the answers to which would be neither relevant nor material to the issue ; but the party putting the questions must take the answers as they are given. He cannot introduce evidence to disprove them, nor to contradict the witness by his own previous statements.

This question is discussed very clearly and distinctly by *Woods,* J., in the case of *Seavy* v. *Dearborn,* 19 N. H. 355, which is directly in point, and decisive of this case. He there says, "but what Hills (a witness) said on a former trial, or otherwise, was not a proper subject of inquiry, and the judge who tried the cause, properly, on that ground, rejected the evidence offered to prove it. On that precise ground it ought not to have been admitted at all.

"In the cross-examination of witnesses a great deal of latitude is allowed, for the purpose of testing the memory, the capacity or the honesty of the person under examination ; and for that purpose inquiries may be pushed, even to matters not positively material to the issue.

"But this license has various restrictions. In the first place, it does not extend so far as to authorize a party to prove by a witness, on cross-examination, things positively improper to be proved at all ; and secondly, he cannot, for the purpose of discrediting a witness, contradict, by other evidence, his statements that are improper and immaterial. In other words, he may, for the purposes before

indicated, ask questions not strictly relevant to the issue, provided they do not tend to elicit testimony that is injurious or improper. But when a question of either kind has been put and answered, the party cannot introduce other evidence to contradict the witness, whether for the purpose of discrediting him, or for any other purpose.

"It is a very plain corollary to that rule, that a question, not otherwise material or proper, does not become so by force of any purpose of the examining party to make use of it to discredit the witness, by contradicting his answer to it. The reasons assigned by writers for these rules are that a contrary course of proceeding would introduce issues in interminable numbers, and perplex and harass litigants in questions which do not concern their cause.

"A witness, therefore, shall not be interrogated on a subject not pertinent to the issue, for the mere purpose of contradicting him. If it was immaterial what Hills stated on a former occasion, it was still less germane to the matter, whether or not Bassett falsely testified to those irrelevant statements. The defendant had, therefore, no right to make the inquiry for such a purpose, and was improperly permitted to do so."

These positions are fully sustained by the authorities cited by the plaintiff.

The question here is, what evidence is, in this view, to be deemed merely collateral, irrelevant or immaterial. In the case of *Attorney-General* v. *Hitchcock*, 1 Exch. 91, it was contended, on the authority of Starkie on Evidence, that the rule, excluding evidence in contradiction of the witness' statements as to collateral or irrelevant matters, does not exclude the contradiction of the witness as to any facts immediately connected with the subject of the inquiry. And *Pollock*, C. B., in delivering his opinion, said, "I think the expression, as to any matters connected with the subject, is far too vague and loose to be the foundation of any judicial decision. I am not prepared to

Combs *v.* Winchester.

adopt the proposition in those general terms, that a witness may be contradicted as to any thing he denies having said, provided it be in any way connected with the subject before the jury. It must be connected with the issue as a matter capable of being distinctly given in evidence, or it must be so far connected with it as to be a matter which, if answered in a particular way, would contradict the witness' testimony; and if.it be neither of these, it is collateral to, though in some sense it may be considered connected with, the subject of inquiry."

And he lays down substantially the rule we have before stated: " The test whether the matter is collateral or not is this : If the answer of the witness is a matter which you would be allowed on your part to prove in evidence; if it had such a connection with the issue that you would be allowed to give it in evidence, then it is a matter on which you may contradict him."

The other case relied on, *Ware* v. *Ware*, 8 Greenl. 42, was decided entirely on the authority of 1 Starkie's Ev. 134, and upon that passage of his work, which is so distinctly disapproved by *Pollock*, C. B., in *Attorney-General* v. *Hitchcock*, as too vague and loose ; and we find ourselves compelled to dissent from it.

We have found no case which seems to sustain this decision, but the recent case of *Commonwealth* v. *Hunt*, 4 Gray 421, where it is said, " the rule which excludes all evidence tending to contradict the statements of a witness as to collateral matters, does not apply to any facts immediately and properly connected with the main subject of inquiry. Every thing which goes to affect the credit of the witness, as to the particular facts to which he is called to testify, is material and admissible. 1 Stark. Ev. 135 ; 19 Johns. 123."

This rule does not seem to improve the terms of Starkie, and the decision seems irreconcilable with *Commonwealth* v. *Buzzell*, 16 Pick. 157, and *Harrington* v. *Lincoln*,

2 Gray 133. The last cases are in accordance with the authorities generally, and with the received text books.

The question in the case before us was properly disallowed, and there must be

*Judgment on the verdict.*